## DESHOTELS v. GUILLORY et al.
### No. 1464.

Court of Appeal of Louisiana. First Circuit. June 29, 1935.

For former opinion, see 161 So. 217.

ELLIOTT, Judge.

The petition for rehearing by defendants, appellants, alleges five errors in our opinion herein as grounds for their application.

The first ground has reference to a statement in the opinion to the effect that "The proceedings referred to are contained in the record and it appears that on April 8th 1912, judgment was rendered awarding plaintiff the entire ownership of the property described in the petition." The petition for rehearing then proceeds to say that the record had not been filed or introduced at the time of the filing and submission of the exception of vagueness, but was only introduced and filed upon hearing the merits, etc. "Furthermore if

memory serves us right the judgment sending her in possession is merely to an undivided half and usufructuary of the remainder."

The matter of the adjudication has been re-examined, the statement in the opinion is correct and the balance of the complaint is no ground for a rehearing. The next ground has reference to defendants' failure to object or ask for further time when the case was taken up for trial on the merits and the process verbal of the survey was offered in evidence. It is alleged that defendants had no means of knowing that the process, verbal had been returned into court. Our opinion correctly acts on this matter, and the complaint is no ground for rehearing.

It is said that the opinion in the present case is in conflict with a former opinion of this court in another case entitled Ozeme Guillory v. Curley Victorian, a copy of the opinion being attached to defendants' brief.

The opinion was read and taken into account. The facts established and appearing in the record of the case mentioned cannot be judged in the present case, except to the extent stated in the opinion, because the record was not brought up. We had nothing before us but a copy of the opinion. We take it that the court had before it facts in that case which justified the application of the law as applied. In the present case we are satisfied that the facts were properly appreciated and the law correctly applied.

Another ground of complaint is that the opinion states that the case was taken up on its merits without objection, when, in fact, objection was urged before any witnesses were examined.

The opinion states that the case was taken up for trial on the merits pursuant to assignment, that no motion for continuance or delay was made.

The statement is correct, and our conclusion on the subject was, we think, also correct.

The last ground is that defendants requested that plaintiff's suit be dismissed as in case of nonsuit. The prayer in defendants' answer is that plaintiff take nothing by her action, and that her suit be dismissed. There is no request for a nonsuit, but suppose there had been such a request by defendants in their answer, the plaintiff did not join them in such a request and the prayer of the plaintiff called for the judgment rendered.

The case in our opinion was properly decided in the lower court and on appeal.

Rehearing refused.

DORE, J., recused.